# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARCOS J. BARABIN,
          Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,
          Agency.

DOCKET NUMBER
DA-300A-16-0229-I-1

DATE: October 5, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marcos J. Barabin, Laredo, Texas, pro se.

Benjamin D. Wolarsky and Jesus Ybarra, Laredo, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    The appellant applied for the position of Supervisory Border Patrol Agent (SBPA) under a merit promotion job announcement for vacancies at a number of locations.  Initial Appeal File (IAF), Tab 5 at 115, 120-25.  The agency failed to include the appellant's name on the certificates of eligible candidates.[2]  *Id.* at 25-95.  In response to its error, the agency placed the appellant on a priority placement list.  *Id.* at 117.  The appellant appealed the agency's action, contending that the agency mishandled his application and in the process violated an employment practice under 5 C.F.R. part 300.  IAF, Tab 1 at 5.

¶3    The agency concedes that the appellant received a score of 91 out of a possible 100 based on his answers to the online occupational questionnaire and that it erred by not including the appellant's name on the certificates of eligible candidates.  IAF, Tab 5 at 7-8, 115, 118.  The administrative judge found that the appellant failed to establish that the agency's actions constituted employment practices.  IAF, Tab 12, Initial Decision (ID) at 4-6.  He also found that the

---

[2] The agency was filling many vacancies under the announcement for SBPA positions. The same agency error that affected the appellant affected at least 78 other eligible applicants who were also incorrectly omitted from the certificates of eligibles for the SBPA positions.  IAF, Tab 5 at 118.

appellant failed to establish that the Office of Personnel Management (OPM) was involved in the administration of the employment practice at issue.  ID at 6-7.[3]

¶4        In his petition for review, the appellant alleges that the administrative judge misunderstood that the assignment of a rating/score is completed during the initial phase of the promotion process and in his case was completed almost a year before he applied for the SBPA vacancy.  Petition for Review (PFR) File, Tab 1. The appellant maintains that thus he was nonselected without considering his knowledge, skills, and abilities (KSAs) in violation of 5 C.F.R. § 300.103.[4]  The appellant also alleges that, contrary to the agency representation below, he was not given proper priority consideration.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        An applicant for employment who believes that an employment practice applied to him by OPM violates a basic requirement in 5 C.F.R. § 300.103 is entitled to appeal to the Board.  5 C.F.R. § 300.104(a); *see Burroughs v. Department of the Army*, 116 M.S.P.R. 292, ¶ 15 (2011).  The Board has jurisdiction under 5 C.F.R. § 300.104(a) when two conditions are met:  first, the appeal must concern an employment practice that OPM is involved in administering; and second, the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103.  *Meeker v. Merit Systems Protection Board*, 319 F.3d 1368, 1373 (Fed. Cir. 2003); *Mapstone v. Department of the Interior*, 110 M.S.P.R. 122, ¶ 7 (2008).

---

[3] Because this appeal was dismissed for lack of jurisdiction, the administrative judge made no findings regarding whether the appeal was timely filed.  ID at 1 n.1.

[4] The administrative judge noted that the appellant alleged below that the hiring decision for the SBPA position was not based on KSAs.  ID at 4-5.  The administrative judge addressed the appellant's assertion as a challenge to the calculation of his score, not as a total failure by the agency to consider KSAs in the application and selection process.  ID at 5.

4

¶6        The term "employment practices," which includes the development and use of examinations, qualification standards, tests, and other measurement instruments, is to be construed broadly. *Dowd v. United States*, 713 F.2d 720, 723-24 (Fed. Cir. 1983); 5 C.F.R. § 300.101. An individual agency action or decision that is not a rule or practice of some kind does not qualify as an employment practice. *Holse v. Department of Agriculture*, 97 M.S.P.R. 624, ¶ 6 (2004). However, an agency's misapplication of a valid OPM requirement may constitute an employment practice. *Holse*, 97 M.S.P.R. 624, ¶ 6; *see Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 887 (Fed. Cir. 1998). OPM need not be immediately involved in the practice in question. *Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 10 (2007); *see Prewitt*, 133 F.3d at 888.

¶7        The appellant's assertion that he was nonselected without considering his KSAs in violation of 5 C.F.R. § 300.103 is unavailing. The Customs and Border Patrol Merit Promotion Plan (the Plan) provides that candidates will be evaluated for positions and receive a rating based on their job-related KSAs. IAF, Tab 4 at 31. The Plan provides further that this evaluation may be based on one or more evaluation methods including answers to job-related questions, job-related occupational tests, narrative responses to job KSAs or competency requirements, structured interviews, or other approved assessment methods. *Id.* at 31-32. The Plan provides a specific manner to determine each applicant's rating relative to each KSA. *Id.* at 40.

¶8        The appellant has not made a nonfrivolous allegation that the rating that he received during the initial phase of the promotion process and/or based on his answers to the online occupation questionnaire when he applied for the specifically announced vacancies failed to include a determination of his KSAs relative to the SBPA position as provided in the Plan. IAF, Tab 5 at 115. We find that the agency's failure to include the appellant on the certificate of eligibles for the SBPA position was an irregularity in the selection process, rather than an application of a specific rule, provision or policy, and thus does not

constitute an employment practice. *See Prewitt*, 133 F.3d at 887. The appellant has failed to make a nonfrivolous allegation that the agency's action concerned an employment practice that OPM is involved in administering and that it violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *See Meeker*, 319 F.3d at 1373.

¶9      As to the appellant's assertion that he was not given proper priority consideration, the Board lacks jurisdiction. Absent Board jurisdiction based on an appeal under 5 C.F.R. § 300.103, the Board lacks jurisdiction over a nonselection, including a nonselection under priority consideration.[5] *See Brown v. Office of Personnel Management*, 91 M.S.P.R. 314, ¶ 7 (2002) (stating that the Board does not have jurisdiction to review an agency's decision not to select a particular applicant for a position).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[5] With his petition for review, the appellant submits new evidence, email correspondence that he had with the agency regarding his nonselection under priority placement. PFR File, Tab 1. Under 5 C.F.R. § 1201.115, the Board will generally not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The emails that the appellant submits are dated prior to the close of the record below, and the appellant has failed to show that they were unavailable before the record closed. In any event, the emails relate to the appellant's nonselection under priority placement, a matter over which the Board lacks jurisdiction.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:              /s/ for
                           _____
                           Jennifer Everling
                           Acting Clerk of the Board

Washington, D.C.